STATE of Wisconsin, Plaintiff-Respondent,

v.

Steven E. GOLDSMITH, Defendant-Appellant.

Court of Appeals

No. 84–1663–CR. Submitted on briefs January 14, 1985.—
Decided January 25, 1985.
(Also reported in 364 N.W.2d 178.)

For the defendant-appellant the cause was submitted on the briefs of *John H. Andrews* and *Consigny, Andrews, Hemming & Grant, S.C.* of Janesville.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Kirbie Knutson,* assistant attorney general.

Before Gartzke, P.J., Dykman, J., and Rudolph T. Randa, Reserve Judge.

GARTZKE, P.J.  Steven Goldsmith appeals from a judgment of conviction on three counts of delivering a controlled substance, sec. 161.41(1)(b), Stats.  The issues are whether the trial court abused its discretion in admitting other crimes evidence and imposing three consecutive eighteen-month sentences.  We conclude that admission of the evidence was error and requires the new trial defendant requests.  We do not reach the second issue.

The jury heard the following testimony regarding the three counts:

Eggum, an undercover officer, testified that he purchased marijuana from the defendant on three occasions.  Eggum said that September 21, 1982, he purchased marijuana for $75 from the defendant in Apartment B–19 in West Ridge Village in Platteville.  October 5, 1982, he bought ½ ounce of marijuana from defendant for $40 in defendant's dormitory room at the University of Wisconsin—Platteville.  March 3, 1983 Eggum said that he bought marijuana from defendant outside "Freddy's" tavern in Platteville.  According to Eggum, defendant asked him in the bar if he wanted a half ounce.  Eggum talked with a David Guerke and a $25 price was agreed on.  About 9:00 p.m. the defendant and Guerke left and returned around 10:00 p.m.  Eggum went with defendant to a car parked outside the bar.  Defendant took a bag containing marijuana from the car and handed it to Eggum.  He handed $25 to defendant when they returned to the bar.

David Franson testified that he lived in Apartment B–19, West Ridge Village on September 21, 1982, and neither Goldsmith nor Eggum was there that day.  William Hershinger testified that he lived in B–19 that day and that no marijuana transaction occurred.  De-

fendant testified that he was not at Apartment B–19 that day. He denied he sold marijuana to Eggum October 5, 1982. He testified he did not discuss or make a sale of marijuana at Freddy's March 3, 1983. Guerke said that he did not talk with Eggum at Freddy's on that date. John Olson testified that defendant did not leave Freddy's March 3, 1983 at any time before midnight.

We turn to the evidence which the parties refer to as "other crimes." Over objection, the prosecutor asked defendant if in April 1983 he had offered to arrange the sale of cocaine. Defendant replied that Eggum had called a person who wanted cocaine and handed the phone to defendant. Defendant thought the person had cancer and used cocaine for pain relief. Defendant conceded that he told the person he would try to find cocaine. In late April he again talked with the person about cocaine but nothing came of it. Eggum testified that the person who spoke with defendant by telephone was Eggum's supervisor, Floerke. Eggum also said that he had personal knowledge of defendant's having sold cocaine. Floerke testified that during the telephone conversation he had identified himself to defendant as Eggum's financial backer. According to Floerke, defendant said he had "no problem" getting a large amount of cocaine and would sell a half pound for $14,000.

Other crimes evidence is generally inadmissible. *State v. Rutchik,* 116 Wis. 2d 61, 67–68, 341 N.W.2d 639, 642 (1984). The reason for the rule is explained in *Whitty v. State,* 34 Wis. 2d 278, 292, 149 N.W.2d 557, 563 (1967), cert. denied, 390 U.S. 959 (1968):

The general rule excluding prior-crimes evidence as it relates to the guilt issue rests on four bases: (1) The overstrong tendency to believe the defendant guilty of the charge merely because he is a person likely to do such acts; (2) the tendency to condemn not because he is believed guilty of the present charge but because he has escaped punishment from other offenses; (3) the

injustice of attacking one who is not prepared to demonstrate the attacking evidence is fabricated; and (4) the confusion of issues which might result from bringing in evidence of other crimes.

Other crimes evidence is admissible, however, "when offered for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Sec. 904.04(2), Stats.

The state concedes that admission of the evidence regarding cocaine was error. We approve and adopt the state's discussion of the evidence as it relates to sec. 904.04(2), Stats. We summarize that discussion as follows:

Identity was not an issue. A possible cocaine delivery discussed a month after the last marijuana delivery charged does not establish a motive for the earlier alleged deliveries of marijuana. That defendant discussed delivering cocaine months after he is claimed to have delivered marijuana does not show he had an earlier opportunity to deliver marijuana. That he had the knowledge or intent required to prove delivery of a controlled substance, *i.e.,* that what he is alleged to have delivered was a controlled substance, was not an issue. His defense was that the deliveries never occurred. The conversations concerning delivery of cocaine could not establish defendant's preparations to deliver marijuana since the conversations followed the deliveries. The other crimes evidence did not establish a plan. That a person is a drug dealer is not a plan. Finally, mistake or accident was not an issue.

The state contends that the error was nevertheless harmless. In *State v. Alsteen,* 108 Wis. 2d 723, 731, 324 N.W.2d 426, 430 (1982), the supreme court applied the harmless beyond a reasonable doubt standard of *Chapman v. California,* 386 U.S. 18, 23–26 (1967), to the erroneous admission of other crimes evidence.

Applying the *Chapman* test, this error requires reversal. Credibility was the pivotal issue at the trial. The jury could either believe Eggum or believe the defendant and his witnesses. Defendant's credibility was seriously damaged by the evidence that he was involved in trafficking cocaine. We cannot conclude that the error was harmless beyond a reasonable doubt.

The state contends that because the admission of other crimes evidence is nonconstitutional error, the *Alsteen* court erred when it applied the *Chapman* test for harmless error. The *Alsteen* application of the *Chapman* test may have been impliedly overruled in *State v. Sonnenberg,* 117 Wis. 2d 159, 179, 344 N.W.2d 95, 105 (1984). We read *Sonnenberg* to mean that an error in admitting other crimes evidence requires reversal only if the result might probably have been more favorable to the defendant without the error. We think the error requires reversal, however, even under the *Sonnenberg* test.

We repeat that the pivotal issue was credibility. Common sense tells us that showing that a defendant accused of delivering marijuana has trafficked in cocaine on later occasions metastasizes his credibility. The same is true of a defendant who is shown to be willing to traffic in cocaine, as was this defendant. Because we conclude that the result might probably have been more favorable to the defendant had the evidence not been admitted, we hold the error was harmful and requires the new trial he has requested.

*By the Court.*—Judgment reversed and cause remanded for new trial.