STATE of Wisconsin, Plaintiff-Respondent,

v.

Ruven SEIBERT,† Defendant-Appellant.

Court of Appeals

*No. 87–0192–CR. Submitted on briefs June 15, 1987.—Decided September 1, 1987.*

(Also reported in 416 N.W.2d 900.)

† Petition to review denied.

754

756

For defendant-appellant, there were briefs by *Jack E. Schairer,* assistant state public defender, Madison.

For plaintiff-respondent, there was a brief by *Donald J. Hanaway,* attorney general and *Christopher G. Wren,* assistant attorney general, Madison.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Ruven Seibert appeals a judgment of conviction and an order denying postconviction relief for feloniously conspiring to intimidate a witness contrary to sec. 940.43(4), Stats. Section 940.42, Stats., punishes as a misdemeanor the crime of intimidating a witness, while sec. 940.43(4), under which Seibert was charged, punishes the same offense as a felony "where the act is in furtherance of any conspiracy." Seibert claims that the felony statute does not apply unless the conspiracy is other than one to intimidate the witness. He also claims that the trial court improperly restricted cross-examination; that he was denied due process when a defense witness was allowed to plead the fifth amendment, by the state's

references to other crimes, and by defective jury instructions. We reject Seibert's assertions and affirm.

Seibert stands convicted of conspiring with Nancy Schneske, the mother of a fourteen-year-old, M.C.L., to convince M.C.L. to retract her sexual assault accusations. Seibert, contrary to a court order issued after he was charged with the assault, resided with Schneske and her daughter. He thereafter repeatedly asked M.C.L. to drop the charges. In the company of Schneske, he drove M.C.L. to his attorney's office. According to M.C.L., Seibert, in the presence of Schneske, told M.C.L. to tell his attorney that she had lied about the charges, had filed them out of revenge, and now wanted to retract her accusations. M.C.L. testified that she followed Seibert's advice out of fear that Seibert would fulfill earlier threats. She stated that shortly after the sexual assaults Seibert threatened to "knock my teeth down my throat" if she told anyone. Seibert admitted talking to her about dropping the charges and driving her and her mother to his attorney's office.

Section 940.43(4), under which Seibert was charged, reads:

> **Intimidation of witnesses; felony.** Whoever violates s. 940.42 under any of the following circumstances is guilty of a Class D felony:
>
> . . . .
>
> (4) Where the act is in furtherance of any conspiracy.

Seibert first argues that the phrase "in furtherance of any conspiracy" refers only to a conspiracy separate from a conspiracy to intimidate the witness. We disagree.

The threshhold question is whether the statute is ambiguous. *See State v. Engler,* 80 Wis. 2d 402, 406, 259 N.W.2d 97, 99 (1977). When a statute is plain and unambiguous, interpretation is unnecessary. If unambiguous, a statute is read on the basis of its ordinary and accepted meaning. *Id.* A statute is ambiguous if reasonable persons could disagree as to its meaning. *State v. Wittrock,* 119 Wis. 2d 664, 669, 350 N.W.2d 647, 650 (1984). Whether a statute is ambiguous is a question of law, and our review is without deference to the trial court. *Id.* The statute here is unambiguous. It creates on its face a felony where the act of intimidation furthers *any* conspiracy.

Apart from its plain meaning, summary examination of related statutes also supports this conclusion. Section 939.31, Stats., relating to substantive crimes of conspiracy, specifically excludes a conspiracy to intimidate a witness. This exclusion thus allows a felony penalty for this offense, which would otherwise be a misdemeanor.[1]

Other statutes relating to the intimidation of victims and witnesses, secs. 940.42 to 940.49, Stats., created by ch. 118, Laws of 1981, evince a similar legislative policy to treat these offenses severely. For example, unlike ordinary criminal attempts punishable by a penalty of one-half the penalty for the completed offense,[2] sec. 940.46 establishes a full penal-

---

[1]Conspiracy prosecuted under sec. 939.31 carries a penalty not to exceed the maximum for the completed crime. The completed crime of intimidation of a witness, sec. 940.42, is a Class A misdemeanor.

[2]Section 939.32(1), Stats.

759

ty regardless of the success or failure of an attempted intimidation.

Seibert next claims prejudicial restriction of his cross-examination of his accuser. The trial court sustained an objection to a question about how often M.C.L. had talked to the prosecutor prior to trial. The same question was asked and answered previously. The trial court has reasonable discretion in controlling cross-examination. *Neider v. Spoehr,* 41 Wis. 2d 617–18, 165 N.W.2d 171, 175 (1969).

Seibert next argues that the court erroneously permitted Schneske, who had already pled guilty to a similar offense, to assert her fifth amendment privilege when called as a witness for the defense. The trial court, if it determines that the witness has a valid and appreciable right not to testify, must favor that right over a defendant's right to compulsory process. *State v. Harris,* 92 Wis. 2d 836, 845, 285 N.W.2d 917, 922 (Ct. App. 1979).

This court will not overturn the trial court's finding that a witness had a valid reason to avail herself of the fifth amendment privilege unless it was against the great weight and clear preponderance of the evidence. *See id.* at 848, 285 N.W.2d at 924. A defendant's right to compulsory process may be justifiably compromised by a witness' fifth amendment privilege claim, even though the witness has already pled guilty but is awaiting sentence. *See State v. McConnohie,* 121 Wis. 2d 57, 71, 358 N.W.2d 256, 263 (1984). Where it is apparent that a witness' testimony "might be dangerous because injurious disclosure could result," the need for specific inquiry into the

basis for the claimed privilege is diminished. *Id.* at 69, 358 N.W.2d at 262 (quoting *Malloy v. Hogan,* 378 U.S. 1, 12 (1964)). Under some circumstances, no specific inquiry into the asserted privilege need be made. *McConnohie,* 121 Wis. 2d at 69–70, 358 N.W.2d at 263.

Here, Schneske was questioned outside the jury's presence, and her attorney asserted her privilege since she was facing sentencing for a similar criminal charge, a fact the court confirmed with Schneske. It was readily apparent that her testimony could result in "injurious disclosure."

In post-trial motions, Schneske asserted that her claim of privilege was attributable to a threat from a social worker. The trial court made findings that these and other assertions did not alter the "very real danger of self-incrimination." The court's finding concerning Schneske's fifth amendment assertion is not against the great weight and clear preponderance of the evidence.

Contrary to Seibert's next argument, the trial court did not abuse its discretion by allowing limited reference to Seibert's pending sexual assault charge and violation of a no-contact order. Since Seibert was charged with witness intimidation, reference to the pending offense and order were necessary to show the underlying object of the intimidation. It was essential in order to furnish part of the context of the alleged crime and a full presentation of the case. *State v. Shillcutt,* 116 Wis. 2d 227, 236, 341 N.W.2d 716, 720 (Ct. App. 1983).

Additionally, the trial court read a cautionary instruction both before and after the other crimes evidence was elicited. This procedure, coupled with

the obvious probative value of the evidence, was appropriate.

We also conclude that there was sufficient evidence of a conspiracy to intimidate. The test is whether the evidence adduced, believed, and rationally considered by the jury was sufficient to prove the defendant's guilt beyond a reasonable doubt. *State v. Burkman,* 96 Wis. 2d 630, 643, 292 N.W.2d 641, 647 (1980). Only if it can be said as a matter of law that no trier of fact acting reasonably could be convinced to the degree of certitude required is reversal appropriate. *Id.* The evidence is to be reviewed in a light most favorable to the state. *Id.*

The existence of an agreement may be demonstrated by circumstantial evidence. *State v. Hecht,* 116 Wis. 2d 605, 625, 342 N.W.2d 721, 732 (1984). The agreement need not be an express agreement; rather, a mere tacit understanding of a shared goal is sufficient. *Id.*

As proof of the intent to intimidate, M.C.L. testified that Seibert threatened to do physical harm to her long before the formal charges of sexual assault. Although his requests for retraction were separated by more than a year from his threat, the connection, if any, presented a question of fact for the jury. The jury was entitled to find a cause and effect relationship between Seibert's prior threats and M.C.L.'s acquiescence in his repeated requests.

Seibert also claims that due process required the submission of a lesser included offense of intimidation of a witness (absent a conspiracy). The issue whether

to instruct the jury on a lesser included offense is one of law. *State v. Williford,* 103 Wis. 2d 98, 112, 307 N.W.2d 277, 283 (1981). If the trial court fails to submit instructions on the lesser included offense when as a matter of law it should, its failure to do so constitutes prejudice to the defendant. *Id.* This court is not bound by the trial court's determination of a question of law. *State v. Salter,* 118 Wis. 2d 67, 83, 346 N.W.2d 318, 326 (Ct. App. 1984).

Submission of a lesser included offense instruction is proper only when there are reasonable grounds for both acquittal on the greater charge and conviction on the lesser. *State v. Sarabia,* 118 Wis. 2d 655, 661, 348 N.W.2d 527, 531 (1984). The question is whether a reasonable construction of the evidence will support Seibert's theory of a lesser offense "viewed in the most favorable light it will reasonably admit of from the standpoint of the accused." *State v. Mendoza,* 80 Wis. 2d 122, 153, 258 N.W.2d 260, 273 (1977).

Seibert, similar to the defendant in *Sarabia,* presented wholly exculpatory testimony as to the charged offense yet requested a lesser included offense instruction directly contrary to his version of the facts. *Sarabia* permits a lesser included offense instruction even though the defendant has denied any offense if, under a reasonable view of the record, apart from the defendant's exculpatory testimony, the evidence supports acquittal on the greater charge and conviction on the lesser. *Id.* at 663, 348 N.W.2d at 532. Here, as in *Sarabia,* the evidence did not support a lesser included instruction. Apart from Seibert's denial of any intimidation, all of the evidence pointed to a

conspiracy to intimidate. If disbelieved, the only reasonable alternative was acquittal.

Finally, Seibert argues that the instruction used did not properly inform the jury that his actions must have been "in furtherance of any conspiracy." Seibert did not object to the instruction at the instruction conference.[3] Section 805.13(3), Stats., requires that

---

[3]The instruction conference itself was not recorded; the court, however, offered the parties the opportunity to state objections for the record. The trial court instructed the jury as follows:

[I]ntimidation of a witness as defined in the criminal code is committed by one who knowingly and maliciously prevents or dissuades or who attempts to so prevent or dissuade any witness from attending or giving testimony at any trial, proceeding or inquiry authorized by law where the act is accompanied by threat of force or violence upon the witness. Before the defendant may be found guilty of this offense, the state must prove by evidence which satisfies you beyond a reasonable doubt that there were present the following four elements of this offense: First, that [M.C.L.] was a witness. Second, that the defendant prevented, dissuaded, attempted to prevent, attempted to dissuade [M.C.L.] from attending or giving testimony at a proceeding authorized by law. Third, that the defendant conspired with another for this purpose. Fourth, that the defendant acted intentionally.

The first element required that [M.C.L.] was a witness. Witness means any person who has been called to testify or who is expected to be called to testify. The second element requires that the defendant prevented, dissuaded, attempted to prevent, attempted to dissuade [M.C.L.] from attending or giving testimony at any proceeding authorized by law. A jury trial is a proceeding authorized by law.

The third element requires that the defendant conspired with another for this purpose. Conspiracy as defined in the criminal code is committed by one who with intent that a crime be committed agrees or combines with another for the purpose of committing such crime if one or more of the parties to the conspiracy does an act to affect its object. In this case the defendants are charged with having conspired to commit the crime of intimidation of a witness which is defined in the criminal

litigants state grounds for an objection to proposed jury instructions with particularity. Section 972.11(1), Stats., in turn, makes sec. 805.13(3) applicable to criminal trials. Failure to timely object waives any error in the instructions. *State v. Zelenka,* 130 Wis. 2d 34, 44, 387 N.W.2d 55, 59 (1986). Although we have the

code. And a mere understanding expressed or unexpressed between two or more persons that they will commit a crime is all that is essential to constitute a conspiracy. Thus it is not necessary that the conspirators had any express or formal agreement or that there was a meeting of them or even that they all knew each other. Neither is it necessary that there was distinctly stated the precise thing to be accomplished or the plans for its accomplishment either in a general way or in detail by any member of the conspiracy to any other member. It is sufficient to constitute a conspiracy if there is a meeting of the minds; that is, a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose.

Evidence has been received of a certain statement made by Nancy Schneske who is claimed by the state to be a member of a conspiracy with Ruven Seibert. The statement of Nancy Schneske can be considered as evidence against the defendant Ruven Seibert only if you are satisfied beyond a reasonable doubt from the evidence in this case that at the time such statement was made that there existed a conspiracy between the person making the statement and the defendant Ruven Seibert and that such statement was made in the course of the conspiracy. But in determining whether a conspiracy existed, you are not to consider the evidence of such statement. You must make such determination independently from and without the aid of that evidence.

The fourth element requires that the defendant acted intentionally. This requires that the defendant knew [M.C.L.] was a witness and that the defendant acted with a purpose to prevent [M.C.L.] from attending or testifying. So if you are satisfied beyond a reasonable doubt that the defendant intentionally prevented, dissuaded, attempted to prevent, attempted to dissuade [M.C.L.] from attending or giving testimony at any proceeding authorized by law and that the defendant's act was accompanied by threat of force or violence against the witness, then you should find the defendant guilty. If you are not so satisfied, you must find the defendant not guilty.

765

discretionary power to review a claimed instructional error, even if no objection was made, we decline to do so here. *See State v. Damon,* 140 Wis. 2d 297, 304–05, 409 N.W.2d 444, 447–48 (Ct. App. 1987).

*By the Court.*—Judgment and order affirmed.