STATE of Wisconsin, Plaintiff-Respondent,

v.

Joy A. BEDKER, Defendant-Appellant.†

Court of Appeals

*No. 88–1156–CR. Submitted on briefs December 8, 1988.— Decided February 16, 1989.*

(Also reported in 440 N.W.2d 802.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Steven D. Phillips,* first assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Donald J. Hanaway,* attorney general, and *Paul Lundsten,* assistant attorney general.

Before Gartzke, P.J., Dykman and Eich, JJ.

GARTZKE, P.J.    Joy Bedker appeals from a judgment of conviction for delivering a controlled substance, secs. 161.41(1)(b) and 161.16(2)(b)1, Stats. She contends that the trial court erred by admitting "other crimes" evidence, and by preventing her from testifying that she had never "dealt in drugs" and that she had never been convicted of a crime. We hold that the trial court properly exercised its discretion in admitting the other crimes evidence. The state concedes that because evidence of other drug transactions was admitted, she should have been permitted to testify that she had never dealt in drugs, but we conclude that the error was harmless. We also conclude that the trial court properly prevented her from testifying that she had never been convicted of a crime. For these reasons, we affirm.

The state charges that Bedker sold a quarter gram of cocaine for $25 to undercover officer Hammond on October 3, 1986. Hammond testified that while he was on duty in Olbrich Park in Madison, he was told that "Joy," who drove a grey Mustang, had cocaine for sale. Minutes later he saw a grey Mustang drive into the parking lot. He went to the passenger side of the car, identified himself as "Dave," and asked Bedker, the only occupant, if she could sell him a half gram of cocaine. She sold him a quarter gram for $25 and

261

handed the cocaine to him in a pharmaceutically folded paper packet. He did not immediately arrest her, since that would have exposed his police status.

Six days later the police arrested Bedker in Olbrich Park. Her purse contained three paper items which were admitted in evidence at the trial. One item was an undated list of nine notations, such as "1G Norris ~~100~~" or "1Q Bob ~~25~~," and some calculations. The second was a note bearing calculations. The third was a piece of glossy paper about two inches square showing fold-marks.

A detective testified at the trial that the list reflected nine transactions involving various quantities of cocaine, including quarter grams sold for $25. The note reflected calculations regarding the purchase and sale of cocaine at typical prices. The square piece of paper was folded in such a manner to make it useful to deliver drugs. Such a paper is known as a pharmaceutically folded packet, or in drug jargon, a "bindle."

Bedker testified that the claimed transaction never occurred. She admitted that the list and calculations found in her purse were written by her. She said she prepared both items for an acquaintance. She explained that the paper square was simply something of interest she had clipped from a magazine. A friend testified that she was with Bedker in her car when the supposed transaction occurred, that a man approached them to purchase drugs, and that no sale occurred. Bedker produced testimony by two lawyers to the effect that they knew the undercover officer was an untruthful person. The jury found her guilty.

Before trial Bedker moved to exclude the three items found in her purse from admission in evidence.[1]

---

[1]The state argues that Bedker waived her claim that this evidence was inadmissible as other crimes evidence, since her

She argued that the state failed to show a connection between these items and the drug transaction with which she was charged. The state responded that the evidence was relevant to the elements of the crime charged: that defendant had knowingly and intentionally delivered a controlled substance.

When ruling on that motion, the trial court explained that if the state had submitted the items simply to prove Bedker's participation in other crimes, it would have ruled that the evidence was too prejudicial. But since the items indicated drug transactions and past deliveries of drugs and were sufficiently near in time to the charged transaction, the court concluded they were relevant to "elements which are in dispute," and therefore denied the motion to exclude.

On appeal, Bedker argues that the trial court seriously erred. She correctly points out that the list of purported drug transactions contains no reference to the undercover officer and does not connect her personally with the charged transaction. She asserts that the evidence was irrelevant and highly prejudicial, and that the prejudice far outweighed whatever probative value the evidence had.

Relevancy is the first issue to be resolved when determining the admissibility of other crimes evidence. Our review of a ruling regarding relevancy is limited to whether the trial court abused its discretion. *State v. Pharr,* 115 Wis. 2d 334, 345, 340 N.W.2d 498, 503 (1983).

The relevancy of evidence depends upon the purpose for which it is offered. At the pretrial hearing the

objection was based on other grounds. Our review of the record, however, convinces us that the trial court treated her objection as based partly on other crimes grounds.

state announced that purpose: to establish the elements of knowledge and delivery. That is a proper purpose. Bedker was charged with delivering a controlled substance, and the burden was on the state to prove that she knew she was delivering a controlled substance. *State v. Smallwood,* 97 Wis. 2d 673, 677–78, 294 N.W.2d 51, 53 (Ct. App. 1980).

The trial court could reasonably conclude that the items found in Bedker's purse were relevant to the elements of delivery with knowledge. Bedker's participation in past transactions in which she sold cocaine and possession of a folded paper of the type used to deliver drugs tended to establish that she knew what she was doing, if in fact she delivered cocaine to the undercover officer. The trial court did not abuse its discretion when it ruled that the evidence was relevant.

That the evidence was of other crimes does not prevent its admission. Evidence of other crimes is inadmissible "to prove the character of a person in order to show that he acted in conformity therewith." Sec. 904.04(2), Stats. If evidence of other crimes is substantially relevant to some other purpose, and is offered for that purpose, it is admissible. *State v. Kaster,* 148 Wis. 2d 789, 797, 436 N.W.2d 891, 894 (Ct. App. 1989); *McCormick on Evidence,* sec. 190, at 558 (3d Ed. 1984).

To be admissible, other crimes evidence need not be offered for one of the specific purposes, such as proof of motive, opportunity, intent, etc., expressly named as permissive purposes in sec. 904.04(2), Stats. *See State v. Seibert,* 141 Wis. 2d 753, 761, 416 N.W.2d 900, 904 (Ct. App. 1987) (reference to pending sexual assault

charge against defendant admissible to show context of intimidation of witness); *State v. Shillcutt,* 116 Wis. 2d 227, 236, 341 N.W.2d 716, 720 (Ct. App. 1983), *aff'd on other grounds* 119 Wis. 2d 788, 350 N.W.2d 686 (1984) (admissible when not offered to show defendant acted in conformity with character).

When the trial court ruled on the admissibility of the other crimes evidence, it announced its understanding that the elements of delivery with knowledge were "elements which are in dispute." Bedker cannot now complain that because her only defense at trial was that the drug transaction never occurred, the other crimes evidence was irrelevant. Had she disclosed that such was her only defense during the pretrial hearing, the trial court might well have excluded the evidence as irrelevant to that issue. If the state offers other crimes evidence as relevant to specific elements of the crime charged, and those elements are not at issue, the other crimes evidence is inadmissible. *See State v. Goldsmith,* 122 Wis. 2d 754, 757, 364 N.W.2d 178, 180 (Ct. App. 1985) (other crimes evidence relevant to elements of crime is inadmissible when sole defense is that the act never occurred).

Defendants are not required to disclose their trial strategy when presenting pretrial motions to prevent the state from using other crimes evidence. If, however, other crimes evidence is offered to prove an element of the crime and the defense fails to disclose that the only issue is whether defendant committed the act, the defense fails to assist the trial court in the proper exercise of its discretion. The failure consists of withholding information vital to that exercise. *State v.*

*Boehm,* 127 Wis. 2d 351, 357, 379 N.W.2d 874, 877 (Ct. App. 1985).

Since Bedker failed to advise the court that the other crimes evidence offered by the state was not relevant to her defense, the trial court did not abuse its discretion when it held that the evidence was admissible as relevant to a legitimate purpose.

If other crimes evidence is offered for and is relevant to a legitimate purpose, the next issue is whether its probative value is substantially outweighed by the danger of unfair prejudice or other factors. *Pharr,* 115 Wis. 2d at 343–44, 340 N.W.2d at 502; Sec. 904.03, Stats. We infer from the trial court's statement of its reasons for admitting the evidence that the court implicitly held that the probative value of the other crimes evidence was not substantially outweighed by any unfair prejudice to Bedker. Since the trial court did not explicitly weigh the probative value against the degree of unfair prejudice, we examine the record for evidence to support the trial court's ruling. *Id.* at 343, 340 N.W.2d at 502.

We conclude from our analysis of the unfair prejudice issue that the record supports the trial court's ruling. The other crimes evidence was prejudicial to Bedker. It was prejudicial because it tended to show that she knew she had delivered cocaine to the undercover officer, if she in fact made the delivery. It was also prejudicial because it tended to show that she had committed other criminal acts by delivering cocaine.

Whether the other crimes evidence was *unfairly* prejudicial is another matter. Unfairness attaches if the evidence tends to influence the outcome by improper

266

means, appeals to the jury's sympathies, arouses its sense of horror, promotes its desire to punish, or otherwise causes the jury to base its decision on extraneous considerations. *Lease America Corp. v. Ins. Co. of N. America,* 88 Wis. 2d 395, 401, 276 N.W.2d 767, 770 (1979).

The evidence of other cocaine sales was not unfairly prejudicial to the extent that it tended to show that Bedker had knowingly delivered cocaine to the officer. We see no unfairness in that use of the evidence. The evidence was unfairly prejudicial to the extent that a danger existed that the jury would find that because Bedker was a drug dealer, she committed the charged crime.

We therefore determine whether the probative value of the other crimes evidence was, in the words of sec. 904.03, Stats., "substantially outweighed by the danger of unfair prejudice." On the one hand, the evidence had a high probative value to establish one element of the crime. On the other hand, the evidence posed a significant danger of unfairness in that the jury might find Bedker guilty of the charged crime because of her other alleged drug deals. We cannot conclude, however, that the danger of unfairness substantially outweighed the high probative value of the evidence. We note that Bedker could have minimized the risk of unfair prejudice by asking for a cautionary instruction limiting the use of the evidence to establishing the elements of the crime.[2] She did not.

We conclude that the trial court did not abuse its discretion when denying Bedker's motion to exclude from evidence the items found in her purse.

[2]The Wisconsin Jury Instructions include a standard instruction for this purpose. Wis J I—Criminal 275 (1983).

Defense counsel asked Bedker on redirect examination whether she ever dealt in drugs. The state concedes that because evidence of past drug transactions was admitted, Bedker should have been permitted to respond. We conclude that the error does not require a new trial.

We must uphold a conviction even if error occurred but was harmless. *State v. Dyess,* 124 Wis. 2d 525, 540, 370 N.W.2d 222, 230 (1985). An error is harmless and does not justify a reversal if "we can be sure that the error did not contribute to the guilty verdict." *Id.* at 547, 370 N.W.2d at 233. This error was harmless. While Bedker claimed that she had not participated in the charged transaction, the material found in her purse demolished her credibility. Since permitting her to testify that she had not dealt in drugs would not have restored her credibility, the court's refusal to let her respond did not contribute to the guilty verdict.

We turn to the last issue: whether defendant should have been permitted to testify that she had never previously been convicted of a crime. She relies on sec. 904.04(1), Stats., which provides in relevant part:

> Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
> (a) Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same.

Defendant cites various authorities for the proposition that the law-abiding character of a defendant is admissible. She argues that a showing that she has never been convicted of a crime is the functional equivalent of evidence that she is a law-abiding citizen.

"A few general traits, like being law-abiding, seem sufficiently relevant to almost any accusation." D. Louisell and C. Mueller, *Federal Evidence,* sec. 137, at 139 (Rev. Ed. 1985); *United States v. Angelini,* 678 F.2d 380, 381, (1st Cir. 1982).

But it does not follow from the fact that the person has never been convicted of a crime that the person is law-abiding. Lawless persons may avoid convictions. *Compare Government of Virgin Islands v. Grant,* 775 F.2d 508, 512 (3d Cir. 1985) (testimony that one has never been arrested is weak character evidence, since clever criminal may never be caught).

We reject defendant's argument that evidence that she had never been convicted for a crime is admissible under sec. 904.05(1), Stats. Under this rule of evidence, "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion." Her testimony that she has never been convicted of a crime is not reputation testimony or testimony in the form of an opinion.

We conclude that the trial court did not abuse its discretion when it refused to permit defendant to testify that she had never been convicted of a crime.

*By the Court.*—Judgment of conviction affirmed.