STATE of Wisconsin, Plaintiff-Respondent,

v.

Jay P. ANDERSON, Defendant-Appellant.

Court of Appeals

*No. 91–3081–CR. Submitted on briefs August 6, 1992.—Decided March 25, 1993.*

(Also reported in 500 N.W.2d 328.)

For the defendant-appellant the cause was submitted on the briefs of *Suzanne Hagopian*, assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Ruth A. Bachman*, assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

SUNDBY, J. Jay Anderson appeals from a judgment convicting him of delivery of a controlled substance (marijuana) to persons under eighteen years of age and more than three years his junior, contrary to sec. 161.46(3), Stats. He also appeals from an order denying his motion for postconviction relief based on his claim that he was denied a fair trial because of ineffective assistance of his trial counsel. We affirm the judgment and order.

The elements of the crime of delivery of a controlled substance (marijuana) are: (1) that the defendant delivered a controlled substance; (2) that the substance was marijuana; and (3) that the defendant knew or believed that the substance was marijuana. Wisconsin J I—Criminal 6020. Anderson claims that the evidence was insufficient to prove that the substance he delivered was marijuana. He also claims that he was denied effective assistance of counsel when his trial counsel failed to object to the admission of Anderson's in-custody statement which contained evidence of other crimes.

The case against Anderson depends entirely on circumstantial evidence because the controlled substance Anderson is alleged to have delivered was used up during and after delivery and could not be tested. In reviewing the sufficiency of the evidence to support a conviction in circumstantial evidence cases, we may not substitute our judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. *State v. Poellinger*, 153 Wis. 2d 493, 507, 451 N.W.2d 752, 755 (1990). We conclude that the jury, acting reasonably, could have found Anderson guilty beyond a reasonable doubt. We further conclude that Anderson's in-custody statement was admissible, and therefore we do not reach the issue of whether Anderson was denied effective assistance of counsel because his trial counsel failed to object to the admission of that statement.

On February 8, 1990, Anderson, Dave Tesar, D.M. and J.C. drove to Percy Werthwein's house to purchase marijuana. Anderson entered the house alone and gave

Werthwein $5 for a rolled "joint" containing green leafy material which Werthwein testified he believed was marijuana. The group returned to Anderson's trailer and smoked the joint. After his arrest and while in custody, Anderson gave a taped interview to an officer of the Prairie du Chien police force. During that interview he admitted that the substance he purchased was marijuana, that the group "sat there and got high," and that what they smoked was "good shit."

Anderson concedes that in some circumstances expert testimony may not be necessary to prove that a substance is a controlled substance. He cites *State v. Wind*, 60 Wis. 2d 267, 208 N.W.2d 357 (1973), but points out that in that case there were tests of the substance which were not specific for marijuana. *Id.* at 272, 208 N.W.2d at 360. Anderson also notes that the nature of a substance may be established by an experienced user of a particular type of drug. *State v. Johnson*, 54 Wis. 2d 561, 567, 196 N.W.2d 717, 719 (1972). In *Johnson*, the court said that an experienced user of LSD had special knowledge of the drug and was qualified to give his opinion as to whether a substance was LSD. The court said:

> While a chemical analysis may be a more scientific test to determine the nature of a drug, nevertheless as a practical matter in this type of case where the substance has been ingested, no such test is available. Without the use of satisfactory circumstantial evidence, there could be no convictions in this type of case. When a chemical analysis is impossible, it need not be shown and if the circumstantial evidence is sufficiently strong, it may support a verdict as to the nature of the drug without the aid of medical testimony.

*Id.* at 567, 196 N.W.2d at 720.

Anderson contends that the circumstantial evidence in this case was not sufficiently strong to support the jury's verdict that the substance Anderson delivered was marijuana. First, he attacks the testimony of Wertheim as lacking in foundation. However, Anderson's trial counsel did not object to Wertheim's answer to the following question:

> Q. When you allowed Mr. Anderson to leave your house with it, what did you believe it to be?
>
> A. Marijuana.

Any objection to this testimony was waived. *State v. Edelburg*, 129 Wis. 2d 394, 400, 384 N.W.2d 724, 727 (Ct. App. 1986).

In any event, if the admission of Wertheim's testimony was error, it was harmless. The record, without Wertheim's testimony, amply supports the jury's verdict. David Tesar testified that prior to the summer of 1989, and prior to February 1990, he had consumed marijuana "a lot." The "joint" made Tesar light-headed and tasted and smelled different from cigarettes. Tesar testified that marijuana has a distinctive aroma. D.M. testified that the substance he smoked at Anderson's trailer gave him a "buzz," and that it had an aroma different from tobacco. J.C. testified that smoking the "joint" caused him to feel dizzy and hungry after only one or two puffs.

According to Anderson's in-custody statement, he had been making phone calls to the interviewing police officer as to the delivery by others of narcotics over a two or three year period prior to February 8, 1990. On three or four occasions, Anderson had provided the officer with information as to drug dealing.

Anderson admitted that he had obtained "dope" from Percy Werthwein and smoked it in his trailer with Tesar, J.C. and D.M.: he said they "[s]at there and got high." There was another adult present, Randy Meyers, who had an eighth of an ounce of marijuana with him which was also smoked. Anderson admitted to several other instances in which he had used marijuana.

Anderson told the interviewing officer that he got most of his marijuana from a farm near Highland where he used to go and pick and steal plants from the owner. He sold a "little bit on the side" to make money. When the officer asked Anderson whether the marijuana was "good shit," Anderson responded: "Course it was, [otherwise] I wouldn't of bought it." This statement indicates an ability to discriminate between good and bad marijuana. Anderson also stated that he knew the law as to using, possessing and selling marijuana. He stated: "I've studied it enough." He admitted to having sold marijuana to "two, maybe three" persons in Prairie du Chien.

David Tesar turned over to the officer a clear plastic bag containing greenish-brown vegetable material which he stated he had purchased from Anderson in the summer of 1989. Tesar testified that he smoked some of it and it smelled the same as the substance he had smoked at Anderson's trailer on the night of the alleged offense. The material in the bag tested positive for the presence of the active ingredient in marijuana.

Identification of a controlled substance "can be established by such circumstantial evidence as 'lay experience based on familiarity through prior use, trading, or law enforcement; a high sales price; on-the-scene remarks by a conspirator identifying the substance as a drug; and behavior characteristic of sales

and use, such as . . . peculiar ingestion.' " *U.S. v. Bagget*, 954 F.2d 674, 677 (11th Cir.), *cert. denied*, 119 L.Ed.2d 601 (1992) (quoting *U.S. v. Harrell*, 737 F.2d 971, 978 (11th Cir. 1984), *cert. denied*, 469 U.S. 1164 (1985)). Anderson's in-custody statement to the police officer established that he had sufficient lay experience based on familiarity through prior use, trading, and law enforcement so that his admission that he gave "marijuana" to his friends at the time of the alleged offense was sufficient to establish beyond a reasonable doubt that the substance was in fact marijuana.

Anderson argues, however, that his in-custody statement was inadmissible as other-crimes evidence and that his counsel was ineffective for failing to object to its admission. Evidence of other crimes is inadmissible "to prove the character of a person in order to show that he acted in conformity therewith." Section 904.04(2), Stats.; *State v. Bedker*, 149 Wis. 2d 257, 264, 440 N.W.2d 802, 804 (Ct. App. 1989). However, if evidence of other crimes is substantially relevant to some other purpose, and is offered for that purpose, it is admissible. *Id.* at 264–65, 440 N.W.2d at 804. Anderson's in-custody statement was not admitted to show that he was a drug dealer, but to establish that he was able to identify the substance he delivered as marijuana and that he believed it was marijuana. This evidence was highly probative because it tended to establish the elements of the crime of delivery of a controlled substance.

Anderson contends that even if some of the other-crimes evidence was relevant to his knowledge, its probative value was substantially outweighed by its prejudicial nature. Anderson argues that his in-custody statement constituted an unnecessary "piling on"

of highly prejudicial evidence that had low probative value. There was a danger that the jury would convict Anderson because of his admission that he had been involved in the use of marijuana for two to three years. However, there is strong evidence that the jury was not inflamed against Anderson because of other-crimes evidence. The jury acquitted him of the first count against him, where he contended he was not the person who made the delivery.

Anderson was convicted only on the count in which the issue was whether the state had proved that the substance was in fact marijuana and that Anderson knew it. In view of the highly probative value of Anderson's in-custody statement to establish that the substance he delivered on the occasion of the alleged offense was marijuana, we cannot conclude that its probative value was outweighed by the prejudicial effect of the evidence.[1] See *Bedker*, 149 Wis. 2d at 267, 440 N.W.2d at 805–06, where we reached a similar conclusion in an earlier drug "knowledge" case. We therefore conclude that Anderson failed to show that his trial counsel was ineffective when he failed to object to the admission of Anderson's in-custody statement.

*By the Court.*—Judgment and order affirmed.

[1] The trial court did not explicitly weigh the probative value of Anderson's in-custody statement against its prejudicial effect. We therefore examine the record for evidence to support the trial court's ruling. *State v. Bedker*, 149 Wis. 2d at 266, 440 N.W.2d at 805.