COURT OF APPEALS
DECISION
DATED AND FILED

December 12, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.**

Appeal No. **2018AP1759-CR**

Cir. Ct. No. **2015CF88**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

MATTHEW J. STEINHORST,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Sauk County: WENDY J.N. KLICKO, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Matthew Steinhorst appeals a judgment of conviction for homicide by intoxicated use of a vehicle. Steinhorst and James

Wedekind were both in a vehicle which left the road, rolled over, and caused Wedekind's death. Steinhorst was charged with multiple vehicular offenses relating to the crash. Before trial, Steinhorst requested that the Sauk County Circuit Court allow him to introduce evidence of character traits and habit pursuant to WIS. STAT. §§ 904.04(1)(a) and (b) and 904.06(1) (2017-18).[1] Steinhorst argued that such evidence would prove, circumstantially, that Wedekind, and not Steinhorst, was the driver of the vehicle at the time of the incident. The circuit court denied Steinhorst's motion. Steinhorst contends that the circuit court erroneously exercised its discretion in denying his motion. Steinhorst asks this court to reverse those rulings of the circuit court and his judgment of conviction and remand this matter for a new trial. We conclude that the circuit court did not erroneously exercise its discretion in denying Steinhorst's motion. Therefore, we affirm Steinhorst's conviction.

## BACKGROUND

¶2      The following facts are not in dispute.

¶3      On May 31, 2014, at approximately 3:30 a.m., Steinhorst and Wedekind were involved in a motor vehicle accident when the vehicle they were in, which was traveling between 96 and 98 miles per hour, left the road and rolled multiple times. Wedekind was ejected from the vehicle and died from the injuries he sustained. Steinhorst suffered injuries to the left side of his body and was found walking down the road barefoot by persons who lived near the crash site. Both men were found to have alcohol in their systems at the time of the crash

---

[1] All references to the Wisconsin statutes are to the 2017-18 version unless otherwise noted.

(with Steinhorst's blood alcohol concentration at .226), and Steinhorst was found to have THC in his system.

¶4 Steinhorst was charged with homicide by intoxicated use of a vehicle, homicide by use of a vehicle with a prohibited alcohol concentration, and homicide by use of a vehicle with a detectable presence of a controlled substance in his system. Steinhorst's defense at trial was that Wedekind was the driver of the vehicle at the time of the crash. Before trial, Steinhorst requested that the circuit court admit testimony regarding his and Wedekind's purported character traits regarding their driving. Specifically, Steinhorst sought to admit testimony that he was a responsible and cautious driver, and that Wedekind was a "reckless, drunk, controlling, and aggressive driver." Steinhorst's motion also sought to admit testimony regarding Wedekind's alleged driving habits, specifically, that Wedekind had a habit of driving "fast" and, when "hammered," driving recklessly. The circuit court denied Steinhorst's motion.

¶5 Following a jury trial, Steinhorst was found guilty of homicide by intoxicated use of a vehicle. Steinhorst appeals.

¶6 Additional facts are discussed below where necessary.

## DISCUSSION

¶7 Steinhorst contends that the circuit court erred when it denied his motion to admit evidence of character traits under WIS. STAT. § 904.04(1)(a) and (b), and evidence of habit under WIS. STAT. § 904.06(1). Below, we set forth our standard of review, summarize the relevant law, and then address, and reject, Steinhorst's arguments.

3

## I. Standard of Review.

¶8    We review a circuit court's decision to admit or exclude evidence under the erroneous exercise of discretion standard. *See State v. Jackson*, 2014 WI 4, ¶43, 352 Wis. 2d 249, 841 N.W.2d 791. A circuit court has broad discretion to admit or exclude evidence. *Martindale v. Ripp*, 2001 WI 113, ¶28, 246 Wis. 2d 67, 629 N.W.2d 698. A circuit court does not erroneously exercise its discretion if it applies the proper law to the established facts and there is any reasonable basis for the court's ruling. *Balz v. Heritage Mut. Ins. Co.*, 2006 WI App 131, ¶14, 294 Wis. 2d 700, 720 N.W.2d 704.

## II. Admissibility of Character Trait Evidence Under WIS. STAT. § 904.04(1)(a) and (b).

### A. What Constitutes a Character Trait.

¶9    We are called upon to decide whether the circuit court properly exercised its discretion in excluding evidence of alleged character traits Steinhorst sought to admit under WIS. STAT. § 904.04(1)(a) and (b). That rule of evidence provides in pertinent part:

> Evidence of a person's character or a trait of the person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:
>
> (a) *Character of accused.* Evidence of a pertinent trait of the accused's character offered by an accused, or by the prosecution to rebut the same;
>
> (b) *Character of victim.…* [E]vidence of a pertinent trait of character of the victim of the crime offered by an accused ….

Sec. 904.04(1). As related to this appeal, that rule of evidence can be summarized as follows. Generally, evidence of a person's character trait cannot be used to

4

prove that a person acted in conformity with that trait. *See* § 904.04(1). Section 904.04(1)(a) sets forth an exception to this general rule and allows an accused to present evidence of a pertinent character trait of himself or herself. A second exception allows the accused to present evidence of a pertinent character trait of the crime victim. Sec. 904.04(1)(b).

¶10 The phrase "character trait" is not defined by statute.[2] However, this court has relied upon the following definition: "Character is a generalized description of a party's nature, or of the disposition in respect to a general trait, such as honesty, temperance or peacefulness." *Balz*, 294 Wis. 2d 700, ¶16; *see also State v. Bedker*, 149 Wis. 2d 257, 269, 440 N.W.2d 802 (Ct. App. 1989) ("A few general [character] traits, like being law-abiding, seem sufficiently relevant to almost any accusation." (quoted source omitted)); *King v. State*, 75 Wis. 2d 26, 39, 248 N.W.2d 458 (1977) (there can be a "general character trait of nonhostility and nonaggressiveness").

¶11 We now turn to the testimony that Steinhorst asserts should have been admitted at trial as evidence of his, and Wedekind's, character traits.

## B. Character Traits of Steinhorst.

¶12 As noted, Steinhorst requested that the circuit court admit testimony about his alleged character traits in order to prove, circumstantially, that he was

---

[2] The circuit court correctly noted that the specific question framed by WIS. STAT. § 904.04(1)(a) and (b) is whether the accused and the victim had a pertinent "character trait"; in other words, a "trait of … character" as phrased in § 904.04(1)(a) and (b). The parties, in briefing in this court, sometimes refer to the "character" of Steinhorst and Wedekind. We discern no material difference between those terms as applied in this appeal but use the term "character trait" to be consistent with case law. *See, e.g.*, *State v. Jackson*, 2014 WI 4, ¶¶72, 81, 352 Wis. 2d 249, 841 N.W.2d 791.

not driving the vehicle at the time of the crash. Specifically, Steinhorst sought to admit testimony that he is a "responsible" and "cautious driv[er]" and that he "is not a reckless and aggressive driver."

¶13 The circuit court ruled that the testimony Steinhorst sought to admit regarding himself did not concern a character trait under WIS. STAT. § 904.04(1)(a). After correctly noting the applicable rule of evidence, the circuit court stated: "The specific behavior that is being offered by [Steinhorst] … does not … translate[] into a character trait. Choosing to … speed or not is really a propensity to act, not a way of being."

¶14 Steinhorst's argument that his alleged behavior is a character trait consists of the following:

> In reaching this conclusion, though, the [circuit] court failed to consider the fact that the defendant offered the evidence of the defendant's character that he was a driver [who] was responsible and cautious, and not reckless and aggressive. Had the court considered such, it likely would have rendered a different outcome. Consequently, the [circuit] court failed to exercise appropriate discretion.

Those sentences do not contain a basis for this court to overturn the circuit court's exercise of discretion. Steinhorst gives no explanation as to why the testimony he proffers about himself is a character trait under Wisconsin law. Also, Steinhorst does not discuss any mistake in the circuit court's reasoning. The closest Steinhorst comes to asserting any flaw in the circuit court's ruling is his contention that the court failed to consider alleged facts. However, the record shows that the circuit court did consider those allegations and exercised its discretion to exclude the testimony.

¶15 In sum, Steinhorst fails to show that the circuit court erroneously exercised its discretion in excluding testimony regarding Steinhorst's purported character traits.

## C. Character Traits of Wedekind.

¶16 Also as noted, Steinhorst requested that the circuit court admit testimony regarding Wedekind's alleged character traits in order to prove, circumstantially, that Wedekind was driving the vehicle at the time of the crash. Specifically, Steinhorst sought to admit testimony that Wedekind was a "reckless, drunk, controlling, and aggressive driver." By "controlling" Steinhorst means that Wedekind had "a penchant for being in control and driving other people's vehicles."

¶17 The circuit court ruled that the testimony Steinhorst sought to admit regarding Wedekind did not concern character traits under WIS. STAT. § 904.04(1)(b). The court first noted the applicable rule of evidence and then stated: "The specific behavior that is being offered by [Steinhorst] … does not … translate[] into a character trait. Choosing to be the driver of a car or choosing whether to speed or not is really a propensity to act, not a way of being."

¶18 Steinhorst advances three arguments regarding the admissibility of the testimony regarding Wedekind's alleged character traits, and we reject each.

¶19 First, Steinhorst contends that Wedekind "was a reckless, controlling, drunk, and aggressive driver, and this fact tended to provide weight towards the fact that the alleged victim was the driver since the driver [at the time of the crash] was intoxicated, reckless, and aggressive." This argument may go to

whether this testimony is relevant. But, it does not take up the question before this court about whether the testimony concerns a character trait of Wedekind.

¶20 Second, Steinhorst asserts the following: "In reaching this conclusion, though, the [circuit] court failed to consider the fact the defendant offered the evidence of the alleged victim's character that he was a driver [who] was reckless, drunk, and aggressive." Steinhorst fails to point out why the alleged actions of Wedekind in driving recklessly and aggressively while drunk are character traits under WIS. STAT. § 904.04(1)(b). Steinhorst does not discuss any mistake in the circuit court's reasoning except to argue that the court failed to consider alleged facts. However, the record shows that the circuit court did consider those allegations that Steinhorst relies on and exercised its discretion to exclude the testimony.

¶21 Third, Steinhorst argues that "[f]urthermore, controlling, or … the desire to be in control is a character trait." However, this argument is conclusory and untethered to any substantive analysis or supporting legal authority. Accordingly, we will not consider this argument further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we generally do not address undeveloped arguments).

¶22 In sum, Steinhorst fails to show that the circuit court erroneously exercised its discretion in excluding testimony regarding Wedekind's purported character traits.

### III. Admissibility of Habit Evidence Under WIS. STAT. § 904.06(1).

### A. What Constitutes a Habit.

¶23 Steinhorst's argument regarding "habit" evidence is based on WIS. STAT. § 904.06(1), which states in pertinent part: "[E]vidence of the habit of a person … is relevant to prove that the conduct of the person … on a particular occasion was in conformity with the habit or routine practice." Sec. 904.06(1). As noted by the circuit court, "[h]abit is a regular repeated response to a repeated, specific situation." *Balz*, 294 Wis. 2d 700, ¶15. Phrased another way, "habit" is "a semi-automatic response to a specific set of circumstances." DANIEL D. BLINKA, WISCONSIN PRACTICE SERIES: WISCONSIN EVIDENCE § 406.1 at 282 (4th ed. 2017). "The frequency and consistency" that must be present for behavior to become habit is "not subject to a specific formula, and [the] admissibility [of purported habit evidence] depends on the [circuit] court's evaluation of the particular facts of the case." *Balz*, 294 Wis. 2d 700, ¶15. Evidence of a person's habit is admissible when a fact finder could find that it is more probable than not that a person acted consistently with that habit in the context of the issues in that case. *Balz*, 294 Wis. 2d 700, ¶15; *see also* § 904.06(1).

¶24 The applicable analysis has two steps. The circuit court must first determine "whether the proffered behavior rises to the level of a habit" before the court determines "whether the proponent offered sufficient evidence that the individual has such a habit." *See* BLINKA, *supra*, § 406.2 at 284, 286. We now discuss both steps.

## B. Habit Evidence as to Wedekind.

¶25    Steinhorst argues that the circuit court erred by not admitting, pursuant to WIS. STAT. § 904.06(1), testimony that Wedekind had a habit of driving "fast" and, when "hammered" (which we take to mean extremely intoxicated), drove in a "reckless" manner.

¶26    In the first step of the analysis, a court determines whether the behavior rises to the level of a "habit." The circuit court here determined that the allegations regarding Wedekind driving fast and recklessly while intoxicated were not a habit pursuant to WIS. STAT. § 904.06(1). Specifically, the court explained that "[t]here are too many variables" and that "[j]ust because a witness says someone did something habitually does not make it a habit under [the rules] of evidence." The court further stated that it "agree[d] with the footnote in *Hart* that there is no habit of due care or lack thereof." *See Hart v. State*, 75 Wis. 2d 371, 392 n.9, 249 N.W.2d 810 (1977) ("doubt[ing] the existence of a 'habit' of due care or lack thereof").

¶27    Steinhorst argues that the supreme court in *Hart* did not definitively hold that there is no habit of due care or lack thereof. Rather, according to Steinhorst, the supreme court in *Hart* left "wiggle room for some occasions," such as when "one … always drives reckless." We need not resolve the general question of whether a person can have a habit of driving in a fast, reckless manner while intoxicated. As we now explain, Steinhorst fails the second step in the analysis because the testimony proffered by Steinhorst's two proposed witnesses is not sufficiently detailed to establish that Wedekind had a "regular repeated" and "semi-automatic" response of driving fast and recklessly whenever he was intoxicated. *See Balz*, 294 Wis. 2d 700, ¶15; BLINKA, *supra*, § 406.1 at 282.

¶28     Steinhorst asserts that the circuit court "failed to consider" that his first proposed witness, Shawn Miller, told an investigator that Wedekind "always drove fast," and "when [Wedekind] was hammered," Wedekind "drove reckless." Specifically, Steinhorst cites to a summary prepared by a private detective of the detective's interview of Miller. The interview summary states that "[Miller] said he has ridden in a vehicle with [Wedekind], as the driver, 'more than 1000 times,'" and that "[Miller] said [Wedekind] 'always drove fast' and … if [Wedekind] 'was hammered' then 'he drove reckless.'" Steinhorst argues that "[d]oing something all the time … fit[s] under the definition of habit" and, therefore, "one who always speeds" or "consistently [drove recklessly while] … heavily under the influence of intoxicants" can have a habit of driving in those manners.

¶29     The statements made by Miller provide, at most, support for the proposition that when Wedekind drove and Miller was with him and Wedekind was "hammered," Wedekind drove over the speed limit and recklessly. Putting aside the fact that speeding while "hammered" is, by any definition, "reckless," Miller's proffered testimony fails to provide sufficient detail to establish that any particular conduct of Wedekind was "a regular repeated response to a repeated, specific situation." *See* ***Balz***, 294 Wis. 2d 700, ¶15. It is sufficient to note that Miller failed even to specify how many times he witnessed a "hammered" Wedekind drive recklessly.

¶30     Steinhorst argues that his second proposed witness stated that Wedekind "always drove fast." More particularly, Steinhorst alleges that Chris Befera stated that Wedekind was "a 'fast driver' and a 'reckless driver,'" and that Wedekind "was 'always' driving over the speed limit." However, Befera's statements do not establish how much over the speed limit Wedekind drove, so

11

Steinhorst cannot show that Befera's proffered testimony is relevant to this case where the driver was going almost 100 miles per hour. Like Miller's proffered testimony, Befera's proffered testimony fails to provide sufficient detail to establish a habit relevant to the facts of this case.

¶31 In summary, Steinhorst has not pointed to sufficiently detailed proffered evidence that Wedekind had a habit of driving fast and recklessly when he was intoxicated. Accordingly, we conclude that the circuit court did not erroneously exercise its discretion in denying Steinhorst's motion to admit the testimony under WIS. STAT. § 904.06(1).

## CONCLUSION

¶32 For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.