COURT OF APPEALS
DECISION
DATED AND FILED

July 5, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP288-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2015CF543

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JAMES O. RASMUSSEN,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: ROBERT J. WIRTZ, Judge. *Affirmed*.

Before Gundrum, P.J., Neubauer and Grogan, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. James O. Rasmussen appeals from a judgment convicting him of numerous crimes. He contends that the circuit court erred in denying his motion to exclude certain testimony from child witnesses. He further contends that the circuit court erroneously exercised its discretion by admitting other acts evidence against him. We reject Rasmussen's claims and affirm.

¶2 Rasmussen was convicted following a jury trial of forty-four counts, which included multiple counts of sexual assault of a child, attempted sexual assault of a child, child enticement, exposing genitals, and manufacture/delivery of THC, among others. He was accused of sexually assaulting or attempting to sexually assault preteen boys after giving them marijuana.

¶3 Prior to trial, Rasmussen moved to exclude testimony from the State's child witnesses regarding their identification of marijuana. Citing the *Daubert*[1] standard for expert witnesses under WIS. STAT. § 907.02(1) (2021-22),[2] Rasmussen argued that the testimony was not based upon sufficient facts or data and was not the product of reliable principles and methods. After a hearing on the matter, the circuit court denied the motion.

---

[1] *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

[2] WISCONSIN STAT. § 907.02(1) provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if the testimony is based upon sufficient facts or data, the testimony is the product of reliable principles and methods, and the witness has applied the principles and methods reliably to the facts of the case.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4     Also before trial, the State moved for the admission of other acts evidence against Rasmussen.  Specifically, the State sought to introduce internet search information[3] that was found on a cell phone seized from Rasmussen's home.  The State argued that the information was admissible to show Rasmussen's motivation and intent for sexual gratification with young boys.  After a hearing on the matter, the circuit court granted the motion.

¶5     The case proceeded to trial, and the jury found Rasmussen guilty of the above offenses.  The circuit court imposed an aggregate sentence of 203 years of initial confinement and 62 years of extended supervision.  This appeal follows.  Additional facts are set forth below.

¶6     On appeal, Rasmussen first contends that the circuit court erred in denying his motion to exclude testimony from the State's child witnesses regarding their identification of marijuana.  Again, he complains that the testimony did not comport with the ***Daubert*** standard for expert witnesses under WIS. STAT. § 907.02(1).

¶7     The admissibility of opinion evidence rests largely in the circuit court's discretion.  ***Simpson v. State***, 62 Wis. 2d 605, 609, 215 N.W.2d 435 (1974).  We will sustain a discretionary decision if the "court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach."  ***Schneller v. St. Mary's Hosp. Med. Ctr.***, 162 Wis. 2d 296, 306, 470 N.W.2d 873 (1991).

---

[3] The information consisted of blogs, web searches, video titles, and texts.  One of the blogs was entitled, "Beauty of Boys, a Blog about the Beauty of Youth."  The searches included such terms as "Young twink boy," "Pedophile Movies," "Boys Nude Butt," "Boy Sex," and "Pedo Kids," among others.

¶8      Wisconsin law distinguishes between expert opinion testimony, which is subject to the ***Daubert*** standard for expert witnesses under WIS. STAT. § 907.02(1), and lay opinion testimony, which is not.  Lay opinion testimony is admissible if it is:  (1) "[r]ationally based on the perception of the witness"; (2) "[h]elpful to a clear understanding of the witness's testimony or the determination of a fact in issue"; and (3) "[n]ot based on scientific, technical, or other specialized knowledge within the scope of a witness under s. 907.02(1)." WIS. STAT. § 907.01.

¶9      In this case, the circuit court concluded that the testimony at issue constituted lay opinion testimony, not expert opinion testimony.  That is because the child witnesses' identification of marijuana—a fact in issue—was rationally based on their own experiences and observations as opposed to scientific, technical, or other specialized knowledge.  The court explained:

> [T]he testimony that's going to come in through the children … as to their experience with … using marijuana, the comments that [Rasmussen] allegedly made to them about what they were getting, the experience they had with that, with what they did, with their other experiences involved in using marijuana not related to [Rasmussen] is -- it's lay perception.… I understand that the State's going to have some experience foundation that they're going to lay with these young people, says I used this "X" number of times, I got this experience, I had this experience.  This person, [Rasmussen], gave me this product, they told me -- told me it was marijuana, I had a similar experience.  And it's that experience, based on the perception of the witness and their understanding of what they were doing, which is acceptable.
>
> … [I]t's not an expert opinion because they're not going to give an opinion that there was -- that there was tetrahydrocannabinols.  They're not going to go through an analysis of that ….  But I think that it's sufficient to go to the jury for these witnesses to give their background and experience and what their usage of marijuana is and what happened when they allegedly received what was represented to them as marijuana from … [Rasmussen], if

that happened. It's their observations of their experiences in life … [s]omewhat similar to people making observations about the state of someone's impairment, drunkenness, or how they feel. It isn't based on an ethanol concentration test done by a lab chemist, it's based on experiences.

¶10 Reviewing the circuit court's decision, we are satisfied that it properly admitted the evidence. The child witnesses' testimony meets the criteria for lay opinion testimony under WIS. STAT. § 907.01. Moreover, such testimony can be used to identify a controlled substance like marijuana. *See State v. Anderson*, 176 Wis. 2d 196, 202, 500 N.W.2d 328 (Ct. App. 1993) (recognizing that identification of a controlled substance can be established by lay experience based on familiarity through prior use, on-the-scene remarks by another identifying the substance as a drug, and use, such as peculiar ingestion). Accordingly, we perceive no error in the denial of Rasmussen's motion.

¶11 Rasmussen next contends that the circuit court erroneously exercised its discretion by admitting other acts evidence against him in the form of internet search information. Rasmussen asserts that the prejudicial effect of the information substantially outweighed its relevance.

¶12 A circuit court's decision to admit other acts evidence is a discretionary one. *State v. Gribble*, 2001 WI App 227, ¶39, 248 Wis. 2d 409, 636 N.W.2d 488. Again, we will sustain a discretionary decision if the court has "reviewed the relevant facts, applied a proper standard of law, and using a rational process, reached a reasonable conclusion." *Id.*

¶13 The admissibility of other acts evidence is determined by using a three-step test: (1) whether the evidence is offered for a permissible purpose

under WIS. STAT. § 904.04(2);[4] (2) whether it is relevant; and (3) whether its probative value is substantially outweighed by the danger of unfair prejudice. *State v. Sullivan,* 216 Wis. 2d 768, 772–73, 576 N.W.2d 30 (1998).

¶14    Here, the circuit court properly applied this test before admitting the internet search information as other acts evidence.  First, the court determined that the information was offered for the permissible purposes of showing Rasmussen's "motivation and intent" regarding young boys.[5]  Next, the court found that the information was relevant to the sexual gratification element that the State had to prove for some of the charged offenses.  Finally, the court concluded that, with the limiting instruction it planned to give the jury, the probative value of the information outweighed the danger of unfair prejudice.[6]

¶15    On this Record, we cannot say that the circuit court erroneously exercised its discretion in admitting the evidence.  Any prejudice to Rasmussen was mitigated by the court's limiting instruction.  *See **State v. LaCount***, 2008 WI 59, ¶23, 310 Wis. 2d 85, 750 N.W.2d 780 (we presume that the jury follows the court's instructions).  It was further mitigated by the testimony of the State's criminal analyst who examined the phone and acknowledged that he could not "necessarily tell who input th[e] data[.]"  Thus, Rasmussen was able to argue to

---

[4] Permissible purposes include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  WIS. STAT. § 904.04(2)(a).

[5] As the circuit court explained, whatever photos or videos the searches actually produced was largely irrelevant because, "whether it's legal or not legal [porn], … it's the searching for it that is indicative of one's motivation and intent."

[6] At trial, the circuit court gave a jury instruction on the other acts evidence.  It explained the limited purpose of the evidence and reminded the jury that the evidence was "not to be used to conclude that the defendant is a bad person or for that reason is guilty of the offenses or offense charged."

the jury that another person may have entered the searches on his phone. The fact that the jury still convicted him does not mean that he was improperly prejudiced.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.